**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANTONIO TEJADA, on behalf of himself and all others similarly situated,<br><br>                   Plaintiff,<br>    v.<br><br>DIVERSIFIED CONSULTANTS, INC.,<br><br>                  Defendant. | **CASE NO. _____**<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Antonio Tejada ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following on information and belief, except that Plaintiff's allegations as to his own actions are based on personal knowledge.

## NATURE OF THE ACTION

1.      On November 30, 2015 Defendant Diversified Consultants, Inc. ("DCI" or "Defendant") called Plaintiff Antonio Tejada on his cellular telephone using an autodialer and/or an artificial or prerecorded voice.  Mr. Tejada did not give DCI prior express written consent to make this call.

2.      Plaintiff brings this action for injunctive relief and statutory damages arising out of and relating to the conduct of DCI in negligently, knowingly, and willfully contacting Plaintiff and class members on their telephones using an autodialer without their prior express written consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## PARTIES

3.      Plaintiff Antonio Tejada is, and at all times mentioned herein was, a resident of Bronx, New York and a citizen of the State of New York.

4.      Defendant Diversified Consultants, Inc. is a Florida corporation with its principal place of business at 10550 Deerwood Park Blvd #309 Jacksonville, FL 32256.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in the proposed class; (b) some members of the proposed class have a different citizenship from Defendant; and (c) the claims of the proposed class members exceed the sum or value of five million dollars ($5,000,000) in aggregate.  *See* 28 U.S.C. § 1332(d)(2) and (6).

1

6.      This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

7.      Venue is proper in this Court under 28 U.S.C. § 1391 because Plaintiff resides in this District, Defendant transacts significant business within this District and a substantial part of the events giving rise to Plaintiff's claims took place within this District.

<u>FACTS COMMON TO ALL CAUSES OF ACTION</u>

A.      **The Telephone Consumer Protection Act Of 1991**

8.      In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

9.      The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers," defined as equipment which "has the capacity . . . (a) to store or produce telephone number to be called, using a random or sequential number generator; and (b) to dial such numbers." 47 U.S.C. § 227(a)(1).  Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

10.      In addition, the TCPA prohibits making "any call" using "an artificial or prerecorded voice" to a wireless number.  47 U.S.C. § 227(b)(1)(A)(iii).

11.      According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because autodialed and prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls are costly and inconvenient.

12.      The FCC has issued rulings clarifying that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided by the individual.  2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

**B.      Defendant's Robocalls to Plaintiff and Class Members**

13.      Prior to the calls at issue in this action, Plaintiff had never had any contact with Defendant.  Plaintiff has never consented in writing, or otherwise, to receive telephone calls from Defendant.  Plaintiff has never provided Defendant with his telephone number.

14.      On November 30, 2015 at 10:15 AM, DCI called Plaintiff on his cellular phone from the number (917) 900-3537.

15.      Defendant made this call using an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1).

16.      Defendant's call was not made for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

17.      Defendants' calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

18.      Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated.

19.      Plaintiff proposes the following class definition:

> All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone or residential telephone line; (c) made by or on behalf of Defendant in order to promote its products or services; (d) for whom Defendant had no record of prior express written consent; (e) and such phone call was made with the use of an automatic telephone dialing system as defined under the TCPA; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

20.      Plaintiff represents, and is a member of, this proposed class.  Excluded from this class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

21.     Plaintiff does not know the exact number of members in the proposed class, but reasonably believes based on the scale of Defendant's business that the class is so numerous that individual joinder would be impracticable.

22.     Plaintiff and all members of the proposed class has been harmed by the acts of Defendant in the form of multiple involuntary telephone and electricity charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

23.     The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.  The proposed class can be identified easily through records maintained by Defendant.

24.     There are well defined, nearly identical, questions of law and fact affecting all parties.  The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed class.  Those common question of law and fact include, but are not limited to, the following:

      a.  Whether Defendant made telephone calls to class members using an autodialer without their prior express written consent;

      b.  Whether Defendant made telephone calls to class members using an artificial or prerecorded voice without their prior express written consent;

      c.  Whether Defendant's conduct was knowing and/or willful;

      d.  Whether Defendant is liable for damages, and the amount of such damages, and

      e.  Whether Defendant should be enjoined from engaging in such conduct in the future.

25.     As a person who received numerous and repeated calls on his telephone using an autodialers and/or an artificial or prerecorded voice without his prior express written consent, Plaintiff asserts claims that are typical of each member of the class.  Plaintiff will fairly and adequately represent and protect the interests of the proposed class, and has no interests which are antagonistic to any member of the proposed class.

4

26.     Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

27.     A class action is the superior method for the fair and efficient adjudication of this controversy.  Class wide relief is essential to compel Defendant to comply with the TCPA.  The interest of the members of the proposed class in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are relatively small.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the class, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

28.     Defendant has acted on grounds generally applicable to the proposed class, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed class as a whole appropriate.  Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### FIRST COUNT
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

29.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

30.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

31.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed class are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

5

32.     Plaintiff and members of the proposed class are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

33.     Plaintiff and members of the proposed class are also entitled to an award of attorneys' fees and costs.

## SECOND COUNT
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

34.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

35.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

36.     As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the class are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

37.     Plaintiff and members of the proposed class are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

38.     Plaintiff and members of the proposed class are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed class the following relief against Defendant:

   a.   Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

   b.   As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiff seeks for himself and each member of the proposed class treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

c.   As a result of Defendant's violations of the TCPA, Plaintiff seeks for himself and each member of the proposed class $500.00 in statutory damages for each and every call that violated the TCPA;

d.   An award of attorneys' fees and costs to counsel for Plaintiff and the proposed class;

e.   An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate class, finding that Plaintiff is a proper representative of the class, and appointing the lawyers and law firm representing Plaintiff as counsel for the class;

f.   Such other relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all claims so triable.


Dated:  January 27, 2016                    Respectfully submitted,

                                            **BURSOR & FISHER, P.A.**


                                            By:  ____/s _Joshua D. Arisohn_____
                                                      Joshua D. Arisohn

                                            Scott A. Bursor
                                            Joseph I. Marchese
                                            Joshua D. Arisohn
                                            888 Seventh Avenue
                                            New York, NY 10019
                                            Tel:  (646) 837-7150
                                            Fax: (212) 989-9163
                                            E-Mail: scott@bursor.com
                                                       jmarchese@bursor.com
                                                       jarisohn@bursor.com

                                            *Attorneys for Plaintiff*


7